IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONY U. ODIGIE and JULIE I. ODIGIE, ) ) ) | |
| Plaintiffs, ) ) | NO. 3:18-cv-00675 |
| v. ) ) | JUDGE CAMPBELL |
| NATIONSTAR MORTGAGE, LLC d/b/a Mr. Cooper, ) ) ) | MAGISTRATE JUDGE HOLMES |
| Defendant. ) | |

# MEMORANDUM

## I. INTRODUCTION

Pending before the Court are Defendant's Motion for Judgment on the Pleadings (Doc. No. 35), Plaintiffs' Responses (Doc. Nos. 39, 40, 43, 44, 45), and Defendant's Reply (Doc. No. 42). For the reasons set forth below, the Motion is **GRANTED**, in part, and **DENIED**, in part.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In their Amended Complaint, Plaintiffs Tony U. Odigie and Julie I. Odigie bring several claims arising out of their execution of an adjustable rate mortgage in the amount of $187,402.06 to purchase a home in Antioch, Tennessee on April 26, 2002. (Doc. No. 28). Plaintiffs allege they borrowed the money to buy the home from Centex Home Equity Company, LLC, which provided them with a Truth-in-Lending Disclosure Statement setting out a payment schedule through 2032, including interest rate increases. Plaintiffs attached a copy of the Statement to their initial complaint (Doc. No. 1-1, at 5). Plaintiffs allege they were also provided with an Adjustable Rate Rider, attached to the initial complaint (Doc. No. 1-1, at 6-8), which provides, under the heading "Limits on Interest Rate Changes":

> The interest rate I am required to pay at the first Change Date will not be greater than 13.500% or less than 10.500%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One and 000/1000 percentage point(s) (1.000%) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 17.500% or lower than 10.500%.

(*Id.,* at 7). Under the heading "Change Dates," the Rider provides: "The interest rate I will pay may change on the 1st day of May, 2005, and on that day every 6th month thereafter. Each date on which my interest rate could change is called a 'Change Date.'" (*Id.,* at 6).

Plaintiffs allege they subsequently "modified their loan which changed the terms," but do not specify those modified terms. (Doc. No. 28 ¶ 10). Plaintiffs go on to allege that, although they have been paying on their mortgage for 16 years, the principal loan amount has increased to $292,670.61, as reflected on a statement dated March 13, 2018, from "mr. cooper,"[1] a copy of which is attached to the initial complaint. (Doc. No. 1-1, at 9-10). The statement provides as follows: the "regular monthly payment" is $3,779.84; the current interest rate is 11.500%; the amount due is $28,883.42; and "partial payment[s] (unapplied)" have been made in the amounts of $3,331.77 and $5,151.89. (Doc. No. 1-1, at 9).

Two weeks later, Plaintiffs allege, Defendant sent another communication, also attached to the initial complaint, stating the monthly payment had increased to $3,960.79 effective June 1, 2018. (Doc. No. 1-1, at 11). The statement breaks down the principal and interest portions of the payment, but Plaintiffs allege they have received no amortization statements. (Doc. No. 28 ¶ 12).

---

[1] "mr. cooper" is "simply a new brand name" and "service mark" for Nationstar Mortgage LLC." (Doc. No. 1-1, at 11). Nationstar Mortgage LLC is allegedly the successor to Centex Home Equity Company LLC. (Doc. No. 28 ¶ 3).

Plaintiffs allege that, despite their demands for an accounting, they have received only unintelligible computer printouts that do not set out the sums paid and how those sums were applied. (Doc. No. 28 ¶ 13).

Plaintiffs also allege Defendant has intentionally misappropriated mortgage payments and has defrauded them. Plaintiffs allege they have been paying the mortgage for 16 years, but are "in a worse situation than if they were renting; they are upside down on their house in spite of having made a down payment of . . . $38,440.00 at purchase – the purchase price of the home was . . . $226,112.00 . . . due to this adhesive mortgagee contract, and the illegal accounting practices of the Defendant." (Doc. No. 28, at ¶ 16). To support these allegations, Plaintiffs attached their Uniform Residential Loan Application (Doc. No. 1-1, at 12-15) to the initial complaint.

Throughout the term of the mortgage, Plaintiffs allege, it has been assigned three times, and they have not been informed of the assignments in writing, which should include the assignee's name, address, and other information. (Doc. No. 28 ¶ 17).

Plaintiffs allege the interest rate on the loan has increased four times from June 2017 to December 2017, despite the provision in the Adjustable Rate Rider that the rate would increase only once every six months. (Doc. No. 28 ¶ 18). Plaintiffs further allege the interest rate has increased at least 12 times since 2005, and they have not received disclosures alerting them to these changes. (*Id.* ¶ 19). Plaintiffs allege all these illegal adjustments has increased the principal amount of the loan. (*Id.* ¶ 20).

Plaintiffs allege Defendant has violated the Truth in Lending Act ("TILA") and Regulation Z by failing to provide required disclosures for adjustable rate mortgages, including those required when they applied for the loan. (*Id.* ¶¶ 14, 21). Plaintiffs also allege the terms of the mortgage are unconscionable, and that Defendant is liable for fraud. (*Id.* ¶ 23).

Defendant filed an Answer (Doc. No. 29) to the Amended Complaint to which it attached a Loan Modification Agreement, an Agreement to Maintain Escrow Account, an Errors and Omissions/Compliance Agreement, a Letter of Acknowledgement, a notice of rate change dated April 3, 2017, and a notice of rate change dated October 2, 2017. (Doc. Nos. 29-1 to 29-3).

### III. ANALYSIS

#### A. The Standards Governing Motions for Judgment on the Pleadings

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.,* 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.,* more than merely possible." *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

As a general rule, the court is not to consider matters outside of the pleadings when ruling on a motion under Rule 12(c) or Rule 12(b)(6). *See, e.g., Seaton v. TripAdvisor LLC,* 728 F.3d 592 (6th Cir. 2013); *J.P. Silverton Industries L.P. v. Sohm*, 243 Fed. Appx 82, 86-87 (6th Cir. 2007); *Doe v. Belmont Univ.,* 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). Before considering such matters, Rule 12(d) provides that the court must first convert the motion to dismiss to one for

4

summary judgment. The Sixth Circuit has held, however, that a court need not convert the motion under Rule 12(d) if it considers only "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See* Fed. R. Civ. P. 7(a) (defining "pleadings" to include both the complaint and the answer); *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001) (holding that documents attached to a motion are considered part of the pleadings only if they are referred to in the plaintiff's complaint and are central to its claim.)

Based on this authority, the Court may consider the exhibits attached to the initial complaint without converting the motion for judgment on the pleadings to a motion for summary judgment. The relevant exhibits attached to Defendant's Answer are discussed below.

**B. Plaintiffs' Claims**

Defendant contends all Plaintiffs' claims should be dismissed, and identifies those claims as misappropriation of mortgage payments, fraud, and violation of the Truth in Lending Act. A review of the Amended Complaint, however, also reveals a claim for breach of the Adjustable Rate Rider. Defendant has not addressed that claim in its Motion, and therefore, that claim may proceed.

    1. Misappropriation/Conversion

Defendant argues Plaintiffs' claim for misappropriation should be dismissed as inadequately pled. Tennessee courts define "conversion" (or misappropriation) as the appropriation of tangible property to a party's own use in exclusion or defiance of the owner's rights. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev.*

5

*Corp.*, 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012). In order to plead a prima facie claim of conversion, a plaintiff must show: (1) the defendant's appropriation of the property of another to his own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights. *Id.*

There is no conversion of money "unless there was an obligation on the part of the defendant to deliver specific money to the plaintiff or unless the money was wrongfully received by the defendant." *Id.* To establish conversion, a plaintiff must show "a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property." *Id.*, at 554. A plaintiff "must allege and prove facts showing a right to immediate possession of the property at the time of conversion," and the defendant's actions with respect to the allegedly converted property "amount to a repudiation of the plaintiff's title or an exercise of dominion over the property." *Id.*

Defendant argues this claim should be dismissed because Plaintiffs failed to allege their rights to the allegedly misappropriated funds, nor have they alleged a right to immediate possession of the funds at the time of conversion. Plaintiffs do not address the conversion/misappropriation claim in their briefs.

Although the allegations in the Amended Complaint suggest Plaintiffs have made mortgage payments that have not been properly applied by Defendant, thereby reducing their debt, they do not allege those funds actually belong to *them* rather than Defendant. In other words, Plaintiffs have not alleged they had, or have, a right to immediate possession of the allegedly converted property. Thus, Plaintiffs have failed to adequately plead the elements of a claim for conversion or misappropriation, and Defendant's motion for judgment on that claim is granted.

2. Fraud/Misrepresentation

Defendant argues Plaintiffs' fraud claim should be dismissed as inadequately pled. The Tennessee courts consider "fraud," "intentional misrepresentation," and "fraudulent misrepresentation" to be different names for the same cause of action. *Hodge v. Craig,* 382 S.W.3d 325, 342 (Tenn. 2012). "To recover for intentional misrepresentation, a plaintiff must prove: (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation." *Id.*, at 343. *See also Thompson v. Bank of America, N.A.,* 773 F.3d 741, 751 (6th Cir. 2014).

Defendant contends these elements must be pled with particularity, as required by Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud . . ." A complaint is sufficient under Rule 9(b) if it alleges, at the very least, "the time, place, and content of the alleged misrepresentation." *U.S. ex rel. Bledsoe v. Cmty. Health Sys.,* Inc., 501 F.3d 493, 509 (6th Cir.2007) (quoting *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 342 F.3d 634, 643 (6th Cir.2003)). Plaintiffs do not address the fraud claim in their briefs.

Although the allegations in the Amended Complaint suggest Defendant has misapplied mortgage payments and has failed to disclose pertinent information regarding mortgage calculations, there is no description of the time, place and content of particular misrepresentations.

7

Thus, Plaintiffs have failed to adequately plead the elements of a claim for fraud, and Defendant's motion for judgment on that claim is granted.

3. TILA Claims

Defendant argues Plaintiffs' TILA claims are limited by the one-year statute of limitations set forth in 15 U.S.C. § 1640(e), which provides as follows:

> Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation or, in the case of a violation involving a private education loan (as that term is defined in section 1650(a) of this title), 1 year from the date on which the first regular payment of principal is due under the loan. Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law . . .

Defendant contends any damages incurred by Plaintiffs for violations of TILA arising before June 19, 2017, one year before Plaintiffs' initial complaint was filed, are barred by this provision.

In response, Plaintiffs point out the allegations in the Amended Complaint that Defendant violated Regulation Z in April 2018 by failing to make required disclosures. (Doc. No. 28 ¶ 12). Defendant has not responded to this argument, nor has it otherwise discussed, at any length, whether the one-year, rather than the three-year, statute of limitations in Section 1640(e) applies to all of Plaintiffs' TILA claims. Under these circumstances, Defendant's request to limit Plaintiffs' TILA claims on statute of limitations grounds is denied. *See Murphy v. Lazarev,* 653 Fed. Appx 377, 378 (6th Cir. 2016) ("It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones."); *Laudien v. Caudill,* 92 F.Supp.3d 614, 619 (E.D. Ky. 2015) (explaining that the Rule 12(b)(6) movant always bears the initial burden,

8

and that the court will not develop the argument for the defendant seeking to dismiss a claim).

Defendant also argues Plaintiffs' claims that it failed to make required disclosures under TILA should be dismissed because it did, in fact, make the disclosures. Defendant seeks to support this argument with exhibits attached to its Amended Answer. (Doc. Nos. 29-2, 29-3). According to Defendant, these exhibits show Plaintiffs' interest rate increased twice between June 2017 and December 2017, even though the Amended Complaint alleges the rate increased four time. These documents also show, Defendant argues, that it made the disclosures required by Regulation Z, and that it complied with the Adjustable Rate Rider.

As discussed above, on a motion under Rule 12(c), a court may only consider the pleadings, and any attached exhibits that are referred to in the complaint and are central to the claims raised there. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d at 430; *Amini v. Oberlin College,* 259 F.3d at 502. Defendant has not shown the documents on which it relies were referred to in the Amended Complaint. In addition, accepting Defendant's argument here requires the Court to make a finding that the allegations in the Amended Complaint are untrue. Such a finding is not appropriate under Rule 12(c). Thus, Defendant's request to dismiss Plaintiffs' TILA claims based on this argument is denied.

Defendant next argues Plaintiffs' request for the remedy of rescission under TILA is not available in this case because the loan arose out of a residential mortgage transaction. For certain borrowers, TILA provides a right of rescission as a remedy for particular violations. *See* 15 U.S.C. §§ 1635, 1640; 12 C.F.R. § 226.23. The remedy is expressly unavailable, however, to borrowers whose loans arose out of a "residential mortgage transaction." 15 U.S.C. § 1635(e)(1); 12 C.F.R. 226.23(f)(1). The Act defines "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales

contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x).

The Amended Complaint alleges the "Adjustable Rate Mortgage" at issue in this case was obtained in connection with Plaintiffs' purchase of a home at 4809 Aaron Drive, Antioch, Tennessee.[2] Thus, Plaintiffs' loan arose out of a "residential mortgage transaction," as that term is defined under the statute. Plaintiffs have not addressed Defendant's rescission argument, nor have they otherwise suggested their loan did not arise out of a "residential mortgage transaction." Therefore, the Court concludes Plaintiffs' request for the remedy of rescission should be dismissed.[3]

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings (Doc. No. 35) is granted in part, and denied in part. Plaintiffs' claims for misappropriate/conversion, fraud/misrepresentation, and for the remedy of rescission under TILA are dismissed. Otherwise, Plaintiffs' claims under TILA may proceed, and Plaintiffs' claim for breach of the Adjustable Rate Rider may proceed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Although Plaintiffs have not attached the underlying deed of trust to their pleadings, the documents they have attached refer to the document. (Doc. No. 1-1, at 6-8).

[3] Defendant also seeks to limit Plaintiffs' rescission remedy based on statute of limitations grounds. As the Court has dismissed the request for rescission on other grounds, it need not address this argument.